On Application for Rehearing

HOLMES, Retired Appellate Judge.
On application for rehearing, Dollar General emphasizes that this court considered hearsay evidence. Specifically, Dollar General argues that any allegation by Grant regarding bystanders who heard, or saw, the events that transpired at Dollar General is based upon hearsay.
Suffice it to say, counsel for Dollar General deposed Grant and elicited testimony from him regarding the events that transpired prior to, and subsequent to, his arrest. Grant testified that when he arrived at Dollar General in the police vehicle, he observed bystanders who, he claims, witnessed the manager exit the store, point her finger at Grant, and accuse him of theft. Counsel for Dollar General specifically asked Grant, “how many people were there,” to which Grant responded, “more than forty.”
Clearly, Grant’s testimony regarding his personal observations is not hearsay. Rule 801(c), Ala.R.Evid., defines hearsay as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
Accordingly, this court properly reversed the summary judgment as to Grant’s claims of slander per se and right of privacy.
APPLICATION OVERRULED; RULE 39(k) MOTION DENIED.
All the judges concur.